IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| JOHN U. WIESENDANGER and LINDA H. WIESENDANGER,<br><br>Plaintiffs,<br><br>v.<br><br>MIDAMERICA MORTGAGE, INC. d/b/a LOANCARE,<br><br>Defendant. | Case No. 1:17-cv-286-JRG-CHS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW, Mid America Mortgage, Inc. ("Mid America") and LoanCare, LLC ("LoanCare"),[1] Defendants in the above-styled civil action, and file this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

This is an action challenging the foreclosure sale of the property located at 860 Tommie Lane, Soddy Daisy, TN 37379 (the "Property"). *See* [Doc. 1] at p. 5, ¶ 13. The subject loan was obtained on June 24, 2011, by John U. Wiesendanger from United Security Financial (the "Loan"). *See* [Doc. 1-1] at p. 3, ¶ 5. To secure repayment of the Loan, John U. Wiesendanger and Linda H. Wiesendanger (collectively, the "Plaintiffs") conveyed the Property via deed of trust to Old Republic Title Company of Tennessee, as Trustee for Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for United Security Financial, its successors

---

[1] LoanCare is incorrectly named as a trade name of MidAmerica. LoanCare is a separate entity.

and assigns (the "Deed of Trust"). *Id.* The Deed of Trust was recorded on July 6, 2011, in Book GI 9430, Page 161, Register's Office of Hamilton County. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "A"**.[2]

Sometime after the origination of the Loan, servicing "was transferred to Dovenmuehle Mortgage." [Doc. 1-1] at p. 3, ¶ 6. The Plaintiffs allege that they "continually made their required monthly payment, *on time*, but beginning in October 2013, Dovenmuehle refused to cash the payment checks or credit his account." *Id.* at ¶ 7 (emphasis in original). "Eventually, Plaintiffs were able to contact a human at Dovenmuehle who requested that Plaintiffs submit three payments (October, November and December) and that would catch the account up." *Id.* at ¶ 8. "Plaintiffs did so and on December 31, 2013, Dovenmuehle cashed this check and credited their account for $2,703.96, but ***did not catch the account up; rather, the deposit went to a 'suspense account' and the account remained delinquent.***" *Id.* at ¶ 9 (emphasis in original).

The Plaintiffs contend that they "continued to make their monthly mortgage payments, but Dovenmuehle did not cash any of the payments; eventually returning the payments for January through April." *Id.* at ¶ 10. Dovenmuehle then referred the loan for foreclosure. *Id.* at ¶ 11. When the foreclosure was scheduled, "Plaintiffs retained counsel, who diligently tried to contact Dovenmuehle and Trustee to explain the mistake and make the payments." However, "[n]either Dovenmuehle nor Trustee would communicate with Plaintiffs' counsel in order to correct the accounting errors with Plaintiffs' account." *Id.* at ¶ 13.

---

[2] This Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citations omitted) (internal quotations omitted). Mid America and LoanCare request that this Court take judicial notice of all exhibits attached hereto pursuant to Fed. R. Evid. 201(c)(2).

The Plaintiffs then allege other issues with the Loan, in addition to returned payments. First, they complain that their "payment was increased from $856.00 per month to $985.00 per month, which Dovenmuehle claimed was due to an increase in Plaintiffs' property taxes," though their taxes supposedly did not increase. *Id.* at ¶ 14. Second, frozen pipes burst at the Property in the winter of 2013, which resulted in insurance paying $7,500.00 for repairs. *Id.* at ¶ 15. A check was sent to the Plaintiffs, which they forwarded "to Dovenmuehle to negotiate in order to have the repairs done to the property." *Id.* at ¶ 16. "Dovenmuehle cashed this check, but did not either pay to have the damages repairs or credit this money to Plaintiff's account." *Id.* at ¶ 17.

Following these issues, the Plaintiffs sued Dovenmuehle. *Id.* at ¶ 18. "During that litigation, Dovenmuehle cancelled the foreclosure sale and transferred this loan to Loan Care." *Id.* at ¶ 19. Once the loan was transferred to LoanCare, the Plaintiffs voluntarily dismissed their case against Dovenmuehle "and attempted to reach Loan Care to reinstate the loan and have the repairs done to the property." *Id.* at ¶ 20. However, "Loan Care did not respond to Plaintiffs' inquiries; rather, Loan Care referred the loan back to foreclosure." *Id.* at ¶ 21.

A foreclosure sale was held on August 24, 2017, as evidenced by the Substitute Trustee's Deed, recorded in Book GI 11143, Page 91, Register's Office of Hamilton County (the "Substitute Trustee's Deed"). A true and correct copy of the Substitute Trustee's Deed is attached hereto as **Exhibit "B"**. At this sale, Mid America was the high bidder in the amount of $92,455.00, and assigned its bid to the Secretary of Veterans Affairs, an Officer of the United States. *See* Ex. B. Consequently, the Property was conveyed to the Secretary of Veterans Affairs, an Officer of the United States, via the Substitute Trustee's Deed. *Id.*

The Plaintiffs complain about the sale on two grounds. First, they allege that the sale was held without notice to them. [Doc. 1-1] at p. 5, ¶ 22. Second, they state that

3

> At this 'sale', Loan Care had a young man (with no experience or licensure) show up to read the foreclosure advertisement. This young man quelled any interest in the property (though approximately 20 people where there to bid) because he did not know how to perform an auction. In fact, he read the advertisement so quietly that no one attending the auction could hear him.

*Id.* at ¶ 23.

Based on the foregoing allegations, the Plaintiffs plead three causes of action. First, they seek to set aside the foreclosure sale and recover damages for wrongful foreclosure. *Id.* at ¶¶ 24-29. Second, they seek an "accounting for the amounts actually paid on this loan so that a correct balance can be determined and this loan reinstated." Third, they contend that LoanCare is liable for violations of the Real Estate Settlement Procedures Act ("RESPA"), specifically 12 U.S.C. § 2609, for incorrectly calculating the amounts due for escrow. *Id.* at ¶¶ 33-41. However, it is without question that the Plaintiffs cannot state a claim for Counts Two (Accounting) and Three (RESPA), and these claims must be immediately dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

**A.   STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

4

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

B.  **THE PLAINTIFFS HAVE INSUFFICIENTLY PLEADED THEIR ENTIRE COMPLAINT**

Initially, the entirety of the Complaint is insufficient because the Plaintiffs have failed in the basis task of identifying the Defendants. The case caption and opening paragraph of the Complaint identify one Defendant – "MidAmerica Mortgage, Inc. d/b/a Loan Care." However, as described in the Notice of Removal [Doc. 1], Mid America and LoanCare are two distinct entities. Mid America is an Ohio corporation, while LoanCare is a limited liability company with a roster of members that do not include Mid America. *See* [Doc. 1] at ¶¶ 9-11. In no way, shape, or form is LoanCare a trade name of Mid America. Because the Plaintiffs combine these two distinct entities into one, it is impossible to know which entity is supposedly liable for the alleged wrongdoing. If this Court was to enter a judgment in favor of the Plaintiffs, who would it be against? Based on the way in which the Complaint is pleaded, it is impossible to know. While Mid America and Loan Care recognize that this error is likely not a reason for dismissal, it is certainly a basis for ordering amendment. *See, e.g, Whitt v. McDonald's*, No. 2:16-cv-01235-SGC, 2017 WL 3458956, at *2 (N.D. Ala. Aug. 11, 2017). Thus, to the extent that any part of this case proceeds past this Motion to Dismiss, the Plaintiffs should be ordered to amend in order to clarify who they are suing.

C.  **THE PLAINTIFFS HAS FAILED TO STATE A CLAIM FOR AN ACCOUNTING**

In Count Two, the Plaintiffs request that this Court order "an accurate accounting for the amounts actually paid on this loan so that a correct balance can be determined and this loan reinstated." [Doc. 1-1] at ¶ 32. The Plaintiffs assert that the Loan and Deed of Trust are governed by RESPA and "under RESPA, Defendant, as a servicer has a duty to accurately account for all

5

payments received under this loan agreement." *Id.* at ¶ 30. In a similar case where a plaintiff was seeking an account of their mortgage loan from Bank of America, this Court noted the following:

> Although not expressly stated in her Complaint or her Response to Defendants' Motion to Dismiss, it appears that Plaintiff is attempting to bring a claim for equitable accounting under Tennessee common law. In general, an accounting is defined as "a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). Accounting "is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate." *Id.* "Generally, absent some duty at law to provide an accounting, an action in equity for an accounting requires a fiduciary relationship or some other special circumstance particularly meriting this remedy." *Law v. Bioheart, Inc.*, 2009 WL 693149, at *16 (W.D. Tenn. Mar. 13, 2009); *see also Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 2007 WL 1144866, at *4 (S.D. Ohio Apr. 16, 2007) ("It will be the rare case where an equitable accounting lies, since the remedies are more adequate ... the requirement of inadequacy of remedy at law remains the same.").

*Oliver v. Bank of Am., N.A.*, No. 1:14-CV-00012, 2014 WL 11532239, at *3 (E.D. Tenn. Sept. 10, 2014).

In *Oliver*, the plaintiff complained "that BOA incorrectly represented that Plaintiff owed more than $47,000.00 on her loan at the time of the foreclosure sale to [Fannie Mae]" and "request[ed] that BOA provide an accounting of all amounts paid on Plaintiff's loan so that the 'correct balance' of the loan can be determined and the 'debt satisfied.'" *Id.* Once this Court reviewed the aforementioned legal standard for granting an accounting, it proceeded to dismiss the claim. In dismissing the claim, this Court stated:

> First, Plaintiff has not adequately alleged that BOA is under a duty at law to provide an accounting. Although Plaintiff states that BOA, as a "servicer" of the loan, "has a duty to accurately account for all payments received under the loan agreement" pursuant to RESPA, Plaintiff fails to allege any facts which demonstrate that she has complied with the statutory requirements to obtain an accounting or other information related to her loan under RESPA. *See* 12 U.S.C. § 2605. Second, Plaintiff has not alleged the existence of a fiduciary relationship between Defendants and herself. Finally, Plaintiff has not alleged "some other special circumstance particularly meriting this remedy." Plaintiff does not allege that she was not in default on the loan at the time BOA sold the Property to FNMA at a foreclosure sale, and Plaintiff's subjective belief that she may have

6

been able to reach an agreement with FNMA or BOA to purchase the Property if she had known precisely what was owed on the loan simply does not constitute a "special circumstance" necessary to state a claim for equitable accounting.

*Id.*

Here, nearly this Court is presented with nearly verbatim allegations about duties under RESPA. This is likely because the plaintiff's attorney in *Oliver* is the same attorney representing the Plaintiffs in the instant case. And like in *Oliver*, the Plaintiffs never alleged that they "complied with the statutory requirements to obtain an accounting or other information related to her loan under RESPA" or that there is a fiduciary relationship or other special relationship with LoanCare. Moreover, as this Court noted, accounting is "a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another." *Id.* The Plaintiffs are not alleging that they are owed money from either LoanCare or Mid America – only that they owe money themselves. This is simply not an appropriate case for an equitable accounting, and Count Two should be dismissed.

**D.    THERE IS NO PRIVATE CAUSE OF ACTION UNDER RESPA SECTION 2609**

In Count Three, the Plaintiffs attempt to bring a cause of action for a RESPA violation, predicated on 12 U.S.C. § 2609 and non-existent regulation "CFR 3500.17" to remedy issues they contend exist with respect to their escrow account. [Doc. 1-1] at ¶ 34. Before proceeding, it is believed that the Plaintiffs intended to cite to 24 C.F.R. § 3500.17, which has not existed since 2014. *See McCray v. Bank of Am. Corp.*, No. ELH-14-2446, 2017 WL 1315509, at *14 (D. Md. April 10, 2017). This regulation was "recodified at 12 C.F.R. § 1024.17 in 2014, following the implementation of the Dodd-Frank Act." *Id.* However, regardless of the location of this regulation in the Code of Federal Regulations, there is no private cause of action available for a violation of it. *Id.* at *15 (collecting cases). The same is true of 12 U.S.C. § 2609. *See Hunter v.*

7

*Wash. Mut. Bank*, No. 2:08-cv-069, 2008 WL 4206604, at *4-5 (E.D. Tenn. Sept. 10, 2008). Thus, Count Three must be dismissed.

## CONCLUSION

Based on the foregoing, Mid America and LoanCare respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 24th day of October, 2017.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, Georgia 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Mid America Mortgage, Inc. and LoanCare, LLC*

## CERTIFICATE OF CONSULTATION

In accordance with the Order Governing Motions to Dismiss [Doc. 4], I certify that I consulted with Peter Ensign, the Plaintiffs' attorney, to discuss whether the deficiencies with the Complaint can be remedied by permissible amendment. I notified him via e-mail on October 16, 2017 (anticipating that the Order Governing Motions to Dismiss would be entered shortly thereafter) of the deficiencies with the Complaint and requested that he amend the Complaint. He was further notified that a Motion to Dismiss would be filed on October 23, 2017, if no amendment was filed by then. He responded that he would review and provide a more complete response by Friday, October 20, 2017. On October 23, 2017, Mr. Ensign responded only to address potential settlement, and not amendment of the Complaint.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 24th day of October, 2017, filed the within the foregoing by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)