UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN U. WIESENDANGER and <br> LINDA H. WIESENDANGER, <br> <br> Plaintiffs, <br> <br> v. <br> <br> MIDAMERICA MORTGAGE, INC. <br> d/b/a LOANCARE, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:17-CV-286-JRG-CHS <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's[1] Motion to Dismiss, [Doc. 6], Counts Two and Three for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). The plaintiff has failed to file a response. For the reasons that follow, the motion is GRANTED.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations.

---

[1] The defendant asserts that LoanCare is incorrectly named as a trade name of MidAmerica. The defendant states they are separate entities. For now, the Court will refer to them merely as "defendant." This opinion will address this issue in more detail in the body of the opinion.

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Plaintiffs' failure to timely respond to defendant's Motion to Dismiss, as required by Local Rule 7.2, amounts to a waiver of any argument in opposition to defendant's motion. *See* E.D. Tenn. L.R. 7.2; *see also Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (citation omitted). However, the Court is still required to analyze the sufficiency of the allegations of the Complaint, which this Court must accept as true at this stage of the proceedings. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss).

The Court must first address the defendant's claim that the plaintiffs failed to correctly

identify a defendant in the Complaint. The defendant asserts that LoanCare is incorrectly named as a trade name of MidAmerica. The defendant states they are actually two separate entities. The defendant further asserts that this is not grounds for dismissal but a basis for ordering amendment. [Doc. 8 at 5] (citing *Whitt v. McDonald's*, No. 2:16-cv-01235-SGC, 2017 WL 3458956, at *2 (N.D. Ala. Aug. 11, 2017). As such, it is hereby ORDERED that the plaintiff should amend its Complaint within 15 days of the entry of this Order to clarify which entity or entities they are suing.

Next, the defendant moves to dismiss Count Two because the plaintiffs have failed to state a claim for an accounting under the Real Estate Settlement Procedures Act ("RESPA"). The defendant relies upon *Oliver v. Bank of America, N.A.*, No. 1:14-cv-00012, 2014 WL 11532239, at *3 (E.D. Tenn. Sept. 10, 2014), a case where the plaintiffs' attorney also represented Oliver. This Court finds that case similar to the case at bar. Like in *Oliver*, the plaintiffs never alleged that they "complied with the statutory requirements to obtain an accounting or other information related to her loan under RESPA" or that there is a fiduciary relationship or other special relationship with LoanCare. Moreover, as this Court noted, accounting is "a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another." *Id*. The Plaintiffs are not alleging that they are owed money from either LoanCare or MidAmerica – only that they owe money themselves. This is simply not an appropriate case for an equitable accounting. Accordingly, the motion is GRANTED, and Count Two is therefore DISMISSED.

Lastly, the defendant moves to dismiss Count Three because there is no private right of action under RESPA section 2609 or non-existent regulation "CFR 3500.17." This Court gleans the plaintiffs meant to cite to 12 Code of Federal Regulations section 1024.17, which recodified

3

24 Code of Federal Regulations section 3500.17 following the implementation of the Dodd-Frank Act.  *See McCray v. Bank of Am. Corp.*, No. ELH-14-2446, 2017 WL 1315509, at *14 (D. Md. April 10, 2017).  Regardless, there is no private right of action for a violation of that section or of Title 12 United States Code section 2609.  *See Hunter v. Wash. Mut. Bank*, No. 2:08-cv-069, 2008 WL 4206604, at *4-5 (E.D. Tenn. Sept. 10, 2008).  As such, the defendant's motion is GRANTED, and Count Three is DISMISSED.  The Court will enter a Scheduling Order shortly setting the appropriate deadlines and a trial date.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE