# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE SOUTHERN DIVISION

| | |
|---|---|
| John U. Wiesendanger, <br> Linda H. Wiesendanger, <br>    Plaintiffs, <br><br> v. <br><br> MidAmerica Mortgage, Inc. <br>    Defendant. | Case No. 1:17-CV-286-JRG-CHS |

## RESPONSE TO MOTION TO DISMISS

Come now your Plaintiffs, John U. Wiesendanger and Linda H. Wiesendanger (herein "Mr. and Mrs. Wiesendanger" or "Plaintiffs") by and through counsel, and hereby files their Response to the Motion to Dismiss filed by Defendant, MidAmerica Mortgage, Inc., (herein "Defendant") would show this Court as follows:

## STATEMENT OF FACTS

On March 14, 2018, this Court ordered Plaintiff to file an Amended Complaint identifying which Defendant Plaintiff was suing. Plaintiff's counsel thought that the Amended Complaint had been filed, but upon reviewing the record realized that he did not actually file the Amended Complaint. He is filing the Amended Complaint with this Response.

1

# ARGUMENT AND CITATION OF AUTHORITY

## A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie,* 50 F.3d. 373, 377 (6th Cir. 1995). At this stage, the Court construes factual allegations "in the light most favorable to the plaintiff" and draws "all reasonable inferences in favor of the plaintiff." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,* 648 F.3d 452, 456 (6th Cir. 2011).

## B. Rule 41 Standard

Rule 41(b) permits a party to move for dismissal where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Under both rules, we consider the same four factors in [*6] deciding whether dismissal is warranted:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)).

In this case, Plaintiff's failure was not due to bad faith, but a simple mistake; the Defendant is in no way prejudiced because the amended pleadings required were simply of a technical nature, eliminating an entity which Plaintiff erroneously thought was the same party as the Defendant; the Court's Order did place a

2

Case 1:17-cv-00286-CHS   Document 26   Filed 05/30/18   Page 2 of 4   PageID #: 195

deadline on Plaintiff for amending his complaint, but the Order did not warn Plaintiff that failure to comply with such deadline would result in dismissal; finally, less drastic sanctions have never been imposed or considered. In sum, this is not a case for dismissal under Rule 41(b) and Defendant's Motion should be DENIED.

Respectfully submitted,

s/Peter C. Ensign
Peter C. Ensign, BPR #017071
6111 Shallowford Rd., 105 C
Chattanooga, Tennessee 37421
423/510-0410
423/510-1395
ensign@ensigntitle.com

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have, this the 30th day of May, 2018, filed the within pleading by CM/ECF which will serve notice on all parties.

               s/ Peter C. Ensign
               Peter C. Ensign (BPR 017071)

4

Case 1:17-cv-00286-CHS   Document 26   Filed 05/30/18   Page 4 of 4   PageID #: 197