UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN U. WIESENDANGER and )
LINDA H. WIESENDANGER )
) No. 1:17-cv-286
v. )
) Judge Steger
MIDAMERICA MORTGAGE, INC. )
d/b/a LOANCARE )

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) a scheduling conference was held in this case on June 11, 2018. Present representing the Plaintiffs, John U. Wiesendanger and Linda H. Wiesendanger, was attorney Peter Ensign. Present representing the Defendant, MidAmerica Mortgage, Inc., was attorney Bret Jacob Chaness. The following actions were taken.

1. **Jurisdiction.** In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Jurisdiction is not in dispute.

2. **Consent to Magistrate Judge.** The parties consent that all proceedings in this case may be conducted by United States Magistrate Judge Christopher H. Steger in accordance with 28 U.S.C. § 636(c).

3. **Settlement /Alternative Dispute Resolution.** The possibility of settlement is fair at this time. The parties were ordered to mediate this case.

4. **Scheduling Deadlines.** The following scheduling deadlines shall be observed by the parties and will be altered only upon further order of the Court either at the Court's own initiative or upon motion of a party supported by good cause.

1

a. **Fed. R. Civ. P. 26(f) Meeting and Discovery Plan.** The parties had a Rule 26(f) conference on February 20, 2018, and filed a Report of Rule 26(f) Planning Meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure [*See* Doc. 13].

b. **E-Discovery.** The parties shall confer regarding electronically stored information or documents pursuant to Rule 26(f)(3)(C). It is expected that the parties will comply with all applicable rules of civil procedure relating to electronic discovery, including Rules 26(a)(1)(A)(ii), 33(d), 34(a) and (b), and 45. The parties are directed to confer and cooperatively address all issues relating to electronically stored information, including claims of attorney-client privilege or work-product protection.

c. **Initial Disclosures.** The parties have exchanged the disclosures required by Rule 26(a)(1) [*See* Doc. 13].

d. **Expert Testimony.** Disclosure of any experts and expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by plaintiff on or before **December 4, 2018,** and by defendant on or before **January 9, 2019**. Such disclosures shall include any required written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), and/or any required statement for experts not specially retained pursuant to Fed. R. Civ. P. 26(a)(2)(c).

e. **Daubert Hearing.** If at any time it appears that a Daubert hearing may be necessary to determine the admissibility of expert testimony, the parties shall notify the Court as soon as possible, but in no event later than **February 12, 2019,** of the potential need for a hearing.

f. **Joinder of Parties and Amendments to the Pleadings.** If any party wishes to join one or more additional parties or amend its pleadings, such joinder or motion for leave to amend shall be filed by **January 9, 2019**.

g. **Final Witness List.** On or before **January 15, 2019**, the parties shall provide to all other parties a final witness list in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i).

h. **Discovery Deadline.** All discovery, including the taking of depositions for evidence, shall be completed by **January 29, 2019**.

i. **Dispositive Motions.** All Daubert and dispositive motions under Fed. R. Civ. P. 12, and all motions for summary judgment pursuant to Fed. R. Civ. P. 56, shall be filed as soon as possible, but no later than **February 12, 2019**. The failure to timely file such motions will be grounds to summarily deny them. As discussed in his judicial preferences available on the Court's website, Judge Steger does not

permit the filing of Statements of Undisputed Material Facts and will summarily disregard them.

j. **Final Pretrial Disclosures.** On or before **February 26, 2019**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A)(ii) and (iii). (Deposition testimony and exhibit list). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date. Each party will have ten (10) days after service to object to witnesses or exhibits.

k. **Motions in Limine.** Any motions in limine must be filed no later than **April 9, 2019**.

l. **Proposed Findings of Fact and Conclusion of Law.** Since this is a nonjury trial, the parties shall submit to the Court proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, on or before **April 9, 2019**. Proposed findings of fact shall set forth the facts in chronological order that each party intends to prove at trial. Conclusions of law shall include: (1) the elements of each cause of action and each affirmative defense; (2) who bears the burden of proof; (3) the standard by which each cause of action or affirmative defense must be proven; and (4) the appropriate type of remedy or remedies for each cause of action. Further, conclusions of law should be supported with appropriate authority pursuant to Local Rule 7.4 and should not be argumentative. Each party shall send a copy of the prepared proposed findings of fact and conclusion of law as an electronic mail attachment in Word-compatible format to steger_chambers@tned.uscourts.gov.

m. **Courtroom Technology.** At least five (5) days before the final pretrial conference, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices). This disclosure shall identify: (1) equipment they intend to bring into the courtroom to use; and (2) equipment supplied by the Court which the parties intend to use. Further, the parties shall also disclose to one another the content of their electronic or digital materials and shall confirm the compatibility of their planned use of technology with the Court's equipment. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the presiding judge's courtroom deputy (directory available on website).

n. **Final Pretrial Conference**. A final pretrial conference will be held in this case on **April 16, 2019, at 2:00 p.m. (Eastern Time)**. The parties shall prepare and submit a final pretrial order to the Court on or before the date of the final pretrial

conference.

o. **Trial**. The trial of this case will be held before the undersigned United States Magistrate Judge beginning on **April 30, 2019.** The trial is expected to last 2 days. Counsel shall be present at **9:00 a.m.** to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at 9:30 a.m. on the date which has been assigned. Should the scheduled trial date change for any reason, the other dates contained in this order shall remain as scheduled. Should the parties desire a change in any of the dates contained in this scheduling order, they should file a motion and seek an order changing such dates.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE