# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE SOUTHERN DIVISION

| | |
|---|---|
| John U. Wiesendanger, <br> Linda H. Wiesendanger, <br>    Plaintiffs, <br><br> v. <br><br> MidAmerica Mortgage, Inc. <br>    Defendant. | : <br> : <br> :   Case No. 1:17-CV-286-JRG-CHS <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## MOTION TO SET ASIDE DISMISSAL

Come now your Plaintiffs, John U. Wiesendanger and Linda H. Wiesendanger (herein "Mr. and Mrs. Wiesendanger" or "Plaintiffs") by and through counsel, and hereby files their Motion to Set Aside Dismissal as per this Court's Order dated June 26, 2019 [Doc # 45]. As grounds for this Motion Plaintiffs would show this Court as follows:

The parties entered into a Settlement Agreement and General Release of Claims on or about February 1, 2019 ("the Settlement"). The terms of that Settlement required the Plaintiffs to submit to Defendant for review a ***complete loan modification*** package, within 21 days and for the Defendant to review that package in compliance with 12 C.F.R. §1024.41c. As the parties had negotiated this settlement several months before the Settlement was signed, Plaintiff already had provided to Defendant a loan modification package in October 2018. Plaintiff had supplemented that package with everything that Defendant requested on

1

December 28, 2018, January 9, 2019, and February 5, 2019. Thereafter, Plaintiff did not hear from Defendant requesting any further documentation.

Eventually, on May 21, 2019, Defendant's counsel forwarded to Plaintiff's counsel a loan modification denial letter sent from Defendant to Plaintiff *at Plaintiff's counsel's former address -- an address which Plaintiff's counsel had not occupied since July 2015*. (See, denial letter dated March 26, 2019, addressed to John U. Wiesendanger at 6139 Preservation Drive, Suite 2, Chattanooga, Tennessee 37416-3661, attached hereto as Exhibit "A".)

The denial letter stated that the modification was being denied because Plaintiff "failed to supply required documentation in a timely manner." Plaintiff had supplied a *complete loan modification package* at the latest on February 5, 2019. Defendant never requested any more documentation. Eventually, Defendant stated that the missing documentation was proof of insurance on the house. Of course, the house was then titled in the *Defendant's name*, due to the wrongful foreclosure in 2017. The insurance company refused to write any binding insurance and would not even take an application unless the title was in Plaintiff's name. Plaintiff, through counsel, explained this and provided a proposed declarations page which gave an estimated cost of one-year insurance *when the property was transferred back to Plaintiffs.* Nevertheless, Defendant refused to review the modification package.

In sum, Defendant did not comply with the terms of the Settlement. Defendant did not ever even review Plaintiffs' loan modification request, but, rather denied it for "lack of documentation" when, in fact, Plaintiffs had provided the only documentation they could provide to prove the cost of insurance on the property once they re-took ownership of the property. The actual terms of any modification and whether or not Plaintiffs qualified for a modification were never

2

offered nor even considered by Defendant. Therefore, the Settlement was never consummated, and the Dismissal should be set aside and this case re-instated to the Court's docket.

                                            Respectfully submitted,

                                            s/Peter C. Ensign
                                            Peter C. Ensign, BPR #017071
                                            6111 Shallowford Rd., 105 C
                                            Chattanooga, Tennessee 37421
                                            423/510-0410
                                            423/510-1395
                                            ensign@ensigntitle.com

**CERTIFICATE OF SERVICE**

   I hereby certify that I have, this the 4th day of October 2019, filed the within pleading by CM/ECF which will serve notice on all parties.

                s/ Peter C. Ensign
                Peter C. Ensign (BPR 017071)